Henry Epstein, J.
Plaintiff Burnham and Company seeks summary judgment for an agreed sum of $40,000 which defendant undertook to pay if there was consummated an agreement between defendant and Linen Thread Company, Ltd. or its *977 United States subsidiary. Tbe outlines of tbe transaction are set forth in a letter of June 6, 1958 from plaintiff to defendant. A written agreement consummated the proposal under date of June 16, 1958. Defendant required plaintiff and its English correspondent to refrain for 60 days from soliciting for their own or customers’ accounts any purchases or sales of the securities of the Linen Thread Company. Defendant contends that plaintiff breached the agreement by trading in the stock of Linen Thread Company, Ltd. A close question of fact is raised by the issue whether “ unsolicited ” orders came within the scope of the prohibition against trading. At issue also is the effect of subsequent letters of August 6, 1958, August 22, 1958 and September 10, 1958. Did the 60-day restraint continue for the extensions agreed upon? From the papers and affidavits this issue cannot be conclusively determined.
Defendant also moves for summary judgment. Its move is based on the thesis that there is no triable issue of fact because of the written instruments to be construed by the court without more. It does not follow, however, that because the issue may rest upon the construction of written instruments, no other evidence may be received with relation to said issue. Nor does it follow from the fact that plaintiff’s representative wrote the letter in question that the defendant’s construction must now be accepted by this court. (Restatement, Law of Contracts, § 235, subd. [c]; 2 Clark, New York Law of Contracts, § 850; Matter of Mencher [Geller & Sons], 276 App. Div. 556.) The affidavits of Messrs. Woudhuysen and Robison do not bear out the simple solution respectively desired by plaintiff and defendant. Neither party to the litigation can be left with partial knowledge and intention undisclosed when summary judgment is asked.
Motions of each party for summary judgment are denied. The issue is left for the trial court.
Order signed.